Filed 5/20/15  P. v. Gonock CA2/6

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY JAY GONOCK,<br><br>    Defendant and Appellant. | 2d Crim. No. B257529<br>(Super. Ct. No. F000488637)<br>(San Luis Obispo County) |

Gregory Jay Gonock appeals from the judgment entered after he pleaded guilty to battery with serious bodily injury in violation of Penal Code section 243, subdivision (d).[1]  He was sentenced to prison for three years.  Appellant contends that battery with serious bodily injury is not a serious offense within the meaning of section 1192.7, subdivision (c)(8).  Therefore, the trial court was required to order that he serve his sentence in a county jail instead of prison.  We affirm.

*Facts*

The following facts are taken from the transcript of the preliminary hearing: In response to a 911 call that "two males [were] fighting in the street," Officer Larry Edwards was dispatched to a location in San Luis Obispo.  Upon his arrival, he saw Cody Bovee lying in the street.  Bovee was unconscious and "his head was covered in

---

[1] All statutory references are to the Penal Code.

blood." "[H]is lip had split in two places and he had several lacerations on the left side of his face." A trail of blood led to a motel room occupied by appellant. Police officers entered the room and arrested him. Appellant had a deep laceration on the little finger of his right hand. Appellant said, "His head really messed up my finger."

Bovee was transported to a hospital, where he was placed on a ventilator. A physician at the hospital told Officer Edwards that he had "sutured a laceration inside of [Bovee's] mouth." The physician reported that Bovee had "facial fractures . . . in the middle of his face."

*Plea Bargain and Sentencing*

Appellant was charged with mayhem (§ 203); aggravated assault with a great bodily injury allegation (§§ 245, subd. (a)(4), 12022.7, subd. (a)); and battery with serious bodily injury. (§ 243, subd. (d).) Pursuant to a plea bargain, he pleaded no contest to battery with serious bodily injury. The other charges were dismissed.

Before taking the plea, the court explained the plea bargain to appellant: "The agreement in this case is that it is open, which means that you could receive probation with up to a year in the county jail as a probation term. Or you could be sentenced to the state prison, and in this case, it's actual state prison, you're not eligible for 1170(h) or county jail state prison as it's referenced. You could be sentenced to actual state prison for the terms of either two years, three years or four years. [¶] Do you understand that?" Appellant replied, "Yes, Ma'am."

At the time of sentencing, the court stated: "[The prosecutor] has supplied the pictures of the victim on the night of the incident. . . . I've been a lawyer or judge since 1978. I've never seen a beating like this. [¶] . . . Mr. Bovee's face was fractured in many places. His lip was in multiple fragmented pieces. He had a significant head injury that involved a subdural hematoma. He was intubated because he couldn't breath[e] on his own. He had a concussion. And obviously this was a very, very serious beating and with very serious and life threatening injuries to the victim in this case." The court sentenced appellant to state prison for the middle term of three years.

2

The trial court later recalled the sentence and set the matter for resentencing. (§ 1170, subd. (d)(1).)  In a document filed in the trial court, the People stated: "The issue presented by the court is whether the enactment of The Criminal Justice Realignment Act (AB 109) changed the status of PC 243(d), such that it no longer constitutes a strike, and therefore [appellant] may only be sentenced to county jail prison."  At the resentencing the court "let the original sentence stand."

*Discussion*

Section 243, subdivision (d) provides: "When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."  Section 1170, subdivision (h)(2) provides: "Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail . . . ."  Paragraph (3) provides that the sentence shall be served in state prison if the defendant has a "current felony conviction for a serious felony described in subdivision (c) of section 1192.7."

Section 1192.7, subdivision (c)(8) provides that a serious felony includes "any felony in which the defendant personally inflicts *great bodily injury* on any person, other than an accomplice."  (Italics added.)  Appellant contends that battery with serious bodily injury is not a serious felony because "serious bodily injury" is different from "great bodily injury" within the meaning of section 1192.7, subdivision (c)(8).

We disagree.  Our Supreme Court has "acknowledge[d] that ' "[s]erious bodily injury" and "great bodily injury" are essentially equivalent elements.' [Citation.]" *People v. Burroughs* (1984) 35 Cal.3d 824, 831, overruled on another ground in *People v. Blakeley* (2000) 23 Cal.4th 82, 88-89.)  In *People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375, the court concluded that "common sense dictates that great bodily injury is indeed an element of battery under section 243, subdivision (d)."  In *People v. Moore* (1992) 10 Cal.App.4th 1868, 1871, the court held "that the element of

3

'serious bodily injury,' as required for felony battery [in violation of section 243, subdivision (d)], is essentially equivalent to or synonymous with 'great bodily injury' for the purpose of a 'serious felony' sentence enhancement pursuant to Penal Code section[] . . . 1192.7, subdivision (c)(8)."

In *People v. Hawkins* (2003) 108 Cal.App.4th 527, 531, we concluded: "Because the 'great bodily injury' contemplated by section 12022.7 is substantially the same as the 'serious bodily injury' element of section 243, subdivision (d) [citation], the section 12022.7 enhancement cannot be applied to the crime of battery with serious bodily injury unless it involves domestic violence." Subdivisions (e) and (g) of section 12022.7 provide that, except for "circumstances involving domestic violence in the commission of a felony or attempted felony," the section "shall not apply if infliction of great bodily injury is an element of the offense." Thus, in *Hawkins* we impliedly determined that great bodily injury is an element of the offense of battery with serious bodily injury in violation of section 243, subdivision (d).

Appellant's reliance on *People v. Taylor* (2004) 118 Cal.App.4th 11, is misplaced. The *Taylor* court concluded that, based on the particular circumstances of the defendant's case, his conviction of battery with serious bodily injury was not a serious felony under section 1192.7, subdivision (c)(8). (*Id*., at p. 22.) The court noted that the jury had "decided that the victim's bone fracture did not constitute great bodily injury because it was only a 'moderate' injury within the meaning of CALJIC No. 17.20." (*Id*., at p. 25.) The court distinguished *People v. Moore*, *supra*, 10 Cal.App.4th 1868: "[T]he record of *Moore's* battery prior did not include any finding that he had *not* inflicted great bodily injury in committing the prior offense. The trial court's conclusion that the prior offense was a serious felony thus did not conflict with the express findings of the trier of fact. In the absence of any contrary indication in the record, the trial court in *Moore* was justified in applying the usual assumption that 'great bodily injury' and 'serious bodily injury' are 'essentially equivalent.' [Citation.]" (*People v. Taylor*, *supra*, 118 Cal.App.4th at p. 26.) Unlike *Taylor*, in the instant case

4

a jury did not find that appellant had not inflicted great bodily injury.  Accordingly, as in *Moore*, the trial court here was "justified in applying the usual assumption that 'great bodily injury' and 'serious bodily injury' are 'essentially equivalent.' "  (***Ibid***.)

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

5

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Suzan E. Hier, Staff Attorney, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.